UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| IN RE: THE MATTER OF THE EXTRADITION OF FRANCIS MARKEY | ) ) ) ) ) ) CAUSE NO. 3:09-mj-75 CAN |

**OPINION AND ORDER**

**I.  INTRODUCTION**

On November 9, 2009, the United States filed a complaint seeking the arrest and extradition of Francis Markey ("Markey").  On December 8, 2009, Markey filed a Motion to Dismiss the extradition request.  On December 10, 2009, a hearing was held on the issue of identity, and the court concluded that Markey was the individual being sought in the extradition request.  On December 17, 2009, the United States filed its response to Markey's Motion to Dismiss, and on December 30, 2009, Markey filed a reply to the government's response.  On February 12, 2010, the court held a hearing on Markey's Motion to Dismiss and a hearing on the Petition for Extradition pursuant to 18 U.S.C. §3184.

In his Motion to Dismiss, Markey argues that the United States' request for extradition is legally deficient.  The United States argues otherwise and requests this court to issue a certificate of extraditability and other relief consistent with the treaty of extradition.  For the reasons that follow, the Court concludes that the United States' request for the extradition of Francis Markey is, in all respects, legally sufficient, satisfying both the requirements of the treaty of extradition and the clearly established legal standards for extradition.  As a result, Markey's Motion to Dismiss is **DENIED** and the United States' request for a certificate of extraditability is **GRANTED** and will issue in a separate order.

**II.     ANALYSIS**

The law of extradition is well settled and firmly established. Although appearing in nature to be a criminal proceeding, it is not. *Neely* v. *Henkel*, 180 U.S. 109 (1901); *Benson* v. *McMahon*, 173 U.S. 457, 463 (l888); *Simmons* v. *Braun*, 627 F.2d 635 (2nd Cir.1980). *See also Charlton* v. *Kelly*, 229 U.S. 447, 461 (l931); *Glucksman* v. *Henkel*, 221 U.S. 508, 512 (1911). Indeed, the Federal Rules of Criminal Procedure and the Federal Rules of Evidence specifically exclude extradition proceedings. *See* Rule 1(a)(5)(A) Federal Rules of Criminal Procedure and Rule 1101(d)(3) F.R. Evid. The law controlling extradition is found in Title 18 U.S.C. §3184 and longstanding court precedent. And, because the extradition request springs from a treaty, the ultimate decision whether to surrender a fugitive rests not with the court but with the Secretary of State.

The court's role in extradition proceedings is extremely limited. An early Supreme Court opinion held that a determination of extraditability was proper if: (1) the judicial officer was authorized to conduct extradition proceedings; (2) the court had jurisdiction over the fugitive; (3) the applicable treaty was in full force and effect; (4) the crimes for which surrender was requested were covered by the treaties; and (5) there was competent legal evidence for the decision. *Ornelas* v. *Ruiz*, 161 U.S. 502 (l896). *Accord Bingham* v. *Bradley*, 241 U.S. 511 (l9l6); *McNamara* v. *Henkel*, 226 U.S. 520 (l913).

In the present case there is no argument that the first three elements are satisfied. Markey instead challenges the fourth and perhaps fifth element. Specifically, in his Motion to Dismiss, Markey argues that because Ireland has abolished or repealed the Irish law which is alleged to have been violated, there is no crime punishable in Ireland which would provide a basis for extradition under the extradition treaty with the United States.

2

Markey misunderstands this Court's role and the doctrine of dual criminality.

A.  Dual Criminality

Extradition treaties, such as the one in effect between the United States and Ireland, create an obligation to surrender fugitives under the circumstances defined in the treaty. The treaty may specify that extradition can be had for particular offenses that are listed in the treaty, for any serious offense that is punishable in both the requesting and requested state, for some combination of those two categories, or for an even broader range of offenses. The only issue for this court to determine is whether the crimes for which extradition is requested are among the offenses specified in the treaty as giving rise to the United States' obligation to extradite.

Article II of the Extradition Treaty between the United States and Ireland ("The Treaty") defines extraditable offenses as:

> An offense shall be an extraditable offense only if it is punishable under the law of both Contracting Parties by imprisonment for a period of more than one year, or by a more severe penalty.

Treaty, Article II, Section 1.  Additionally, the Treaty provides it shall not matter whether the respective countries use the same terminology to describe the criminal conduct which both countries prohibit.  Treaty, Article II, Section 2.

With respect to dual criminality, the role of this Court is to determine whether the offense of which Markey has been charged in Ireland is generally punishable under the law of both Ireland and the United States.  Long ago, the Supreme Court noted in *Collins* v. *Loisel*, 259 U.S. 309 (1922) that:

> [t]he law does not require that the name by which the crime is described in the two countries shall be the same; nor that the scope of liability shall be coextensive, or, in other respects, the same in the two countries. It is enough if the particular act charged is criminal in both jurisdictions.

259 U.S. at 312.

3

More recently, the Seventh Circuit, in construing an extradition treaty with Canada which contained similar language as the treaty here, explained dual criminality as follows:

> If there is probable cause to believe that Anthony and his assistants committed a crime in Canada, and there is probable cause to believe that the conduct would have been criminal if committed in the United States, then extradition is appropriate. This is the 'dual criminality' requirement.

*DeSilva v. DiLeonardi*, 125 F.3d 1110, 1113 -1114 (7th Cir.1997).

The Seventh Circuit then went on to quote and cite, with approval, the Restatement (3d) of the Foreign Relations Law of the United States which states:

> We focus on domestic law: 'unless a plausible challenge is raised by the person sought, the authorities in the requested state will presume that the acts alleged constitute a crime under the law of the requesting state, and will consider whether the acts alleged constitute a crime under the law of the requested state.'

Restatement (3d) of the Foreign Relations Law of the United States § 476 comment d (1987); *see also In re Assarsson*, 635 F.2d 1237, 1244 (7th Cir.1980) (discussing the dangers of delving into foreign law). If the acts of the accused are considered criminal in both nations, extradition follows even if the requesting country does not have a criminal statute analogous to the one that makes the acts criminal in the United States. *DeSilva* supra at 1113 (citations omitted).

The question of whether Markey has a legal defense to the criminal charges he faces in Ireland is not insignificant, but it is an issue that should be raised in the courts of Ireland, not the courts of the United States. As the Tenth Circuit noted:

> While on its face the doctrine of dual criminality seems to require a full-blown inquiry into both the question of whether the alleged acts would violate American law and the question of whether the alleged acts constitute a violation of the British statutes, we think that an extensive investigation of British law would be inappropriate. For one thing, we 'are not expected to become experts in the laws of foreign nations.'

*In re Assarsson*, 635 F.2d 1237, 1244 (7th Cir.1980); *Peters v. Egnor*, 888 F.2D 713,716 (10th

4

Cir.l989).

While Ireland may have modified its criminal law, codified existing common law or abolished the use of various terms describing prohibited conduct, Markey can not credibly argue, and this Court does not accept, that sex with a minor, as alleged in the affidavit supporting the request for extradition, is legal now or was legal when allegedly committed in Ireland. This Court is quite comfortable in concluding that the conduct of which Markey is accused in Ireland was criminal conduct when committed, both in Ireland and the United States. As a result, the charged conduct fully satisfies the dual criminality requirement of the Treaty and the law of extradition.

Furthermore, whether Ireland has abolished the crime alleged in the affidavit as Markey argues or whether it has not as the United States argues is precisely the type of legal question which is best left for the Irish courts to resolve. This Court, as the law makes clear, should not attempt to resolve legal issues of the requesting state or ". . . become experts in the laws of foreign nations." *In Re Assarsson*, 635 F.2d 1237, 1244 (7th Cir. 1980).

B.  Evidence of Criminality

At the 18 U.S.C. §3184 hearing, Markey attempted to introduce the testimony of a psychologist, in Markey's attorney's characterization "to explain the evidence" that the United States and the Republic of Ireland have submitted for probable cause. The United States objected to the admission of the psychologist's testimony, arguing that the proffered testimony was not explanatory but rather contradictory and therefore impermissible.

The extent to which Markey may offer explanatory evidence in an extradition hearing is committed to the discretion of the judicial officer. *Hooker v. Klein*, 573 F.2d 1360, at 1369 (9th Cir, 1978); *U.S. ex rel Petrushansky v. Marasco*, 325 F.2d 562, 567 (2nd Cir. 1963).

Upon inquiry from the court, Markey's attorney proffered that, if allowed to testify, the

psychologist would testify that counselors and interrogators may have considerable influence upon individuals who are attempting to recollect emotionally traumatic events of decades ago. The witnesses, in general, and the complaining witness in this case, in particular, may be highly impressionable and vulnerable to impermissible suggestions of events by the counselors or interrogators. Markey's argument continues that the complaining witness' recollection, at best, is highly questionable and, at worst, is the product of impermissible coaching. However, Markey's attorney also proffered that the psychologist had not personally examined the complaining witness nor would the psychologist testify that the complaining witness would be incapable of testifying truthfully or recollecting facts accurately.

The law is clear that Markey's legal grounds to offer evidence in opposition to the extradition request are severely limited. *Hooker v. Klein,* 573 F.2d 1360, 1368 (9th Cir.1978); *First National City Bank of New York v Aristeguieta,* 387 F.2d 219, 222 (2nd Cir. 1960); *In Re Shapiro,* 352 F. Supp. 641, 645 (S.D.N.Y. 1973). He may not introduce evidence which conflicts with the evidence submitted on behalf of the demanding state, *Collins v. Loisel,* 259 U.S. 309, 315-17 (1922), or impeaches the credibility of the demanding country's witnesses, *In re Locatelli,* 468 F.Supp. 568 (S.D.N.Y. l979).

It is clear to the Court that the proffered testimony of the psychologist would have gone well beyond the appropriate use of "explanatory" evidence and would have been used by Markey for the inappropriate use to contradict or to impeach the testimony of the complaining witness. Challenging the ability of a witness to accurately recollect facts, alleging the witness might have been particularly emotionally susceptible to improper suggestions of fact, or outright coaching is the fertile ground of classic cross-examination whose goal is precisely to impeach the credibility of a witness. This testimony is precisely what the law of extradition does not permit in an 18 U.S.C. §3184 hearing. Under the law of extradition, disputed

questions of fact, the weight of the evidence, and the credibility of witness are all questions better addressed by the courts of the requesting state, Ireland, not the courts of the requested state, the United States. The evidence before this Court may be weak and may be suspect, but it is not the function of this Court to weigh the evidence once probable case has been found. The weight of the evidence is for an Irish court to determine.

      C. <u>Bail Pending Review</u>

At the hearing, Markey requested to remain on bail pending an appeal or review of this Court's order. The Court allowed the parties to submit additional authority on this issue. On February 17, 2010, the United States filed its submission, arguing that the Court has no authority to release Markey once it issues the certificate of extraditability pursuant to 18 U.S.C. §3184. Markey, in his submission, agrees.

The law is clear, and the parties agree, that this Court has no authority to release Markey after it issues the certificate of extraditability. Title 18 U.S.C. §3184 requires that this Court issue a warrant for the commitment of Markey. Such warrant shall issue.

**III.**    **CONCLUSION**

Because the United States has satisfied all the requirements for the extradition of Francis Markey and Markey's Motion to Dismiss, [Doc. No. 24], is now **DENIED,** the court shall issue the certificate of extraditability. Additionally, because the court has concluded that 18 U.S.C. §3184 requires that Markey must be remanded into custody immediately, the conditions of his release are now revoked, and he is **ORDERED** to surrender to the United States Marshals of this District by noon, **February 19, 2010.**

      **SO ORDERED.**

Dated this 18th day of February, 2010.

                                               S/Christopher A. Nuechterlein
                                               Christopher A. Nuechterlein
                                               United States Magistrate Judge